UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Case No. 23-445-ACR |
| | : | |
| v. | : | |
| | : | |
| **RAEKWON MALIK HARROD,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**RESPONSE TO MOTION FOR LEAVE
TO TRAVEL OUTSIDE THE UNITED STATES**

The United States respectfully opposes defendant Raekwon Harrod's motion asking the Court for permission to travel outside the United States. The government submits that such travel is not appropriate given (1) the seriousness of Mr. Harrod's offense, (2) the financial obligations that he has incurred and will incur from his conviction, and (3) the non-pressing need as to why he wants to travel outside the United States.

On January 5, 2024, Mr. Harrod pleaded guilty to Conspiracy to Commit Mail Fraud. His criminal conduct involved defrauding two American companies by using the organizations' UPS accounts to sell shipping labels without their permission.

This offense is serious; the U.S. Sentencing Guidelines suggest that a term of imprisonment is the appropriate sentence. The parties estimate that Mr. Harrod's guidelines range will either be 18 to 24 months or 24 to 30 months. ECF No. 5 at 4. Both ranges fall into Zone D of the sentencing table. Notably, Zones A and B authorize sentences of probation. Zone C authorizes split sentences, i.e., sentences that includes both imprisonment and community confinement or home detention. USSG §5C1.1(a)-(d). The Guidelines instruct that when a defendant's range falls into Zone D, however, the "minimum term shall be satisfied by a sentence of imprisonment." USSG §5C1.1(e). The Court, of course, has absolute discretion to

1

impose a sentence below the recommended range, including probation, but the seriousness of the offense is reflected by the fact that the anticipated sentencing range falls within Zone D.

Mr. Harrod's criminal conduct will lead to the imposition of significant financial penalties. He has agreed be jointly and severally liable for restitution in the amount of $920,000 to one of the two victim organizations. ECF No. 5 at 8. He also has agreed to be liable for a forfeiture money judgment in the amount of $384,871, i.e., proceeds he received from the scheme. *Id*. at 9; ECF No. 10; ECF No. 6 at 35. Moreover, he has not proffered how he will pay for a trip to Costa Rica. To the extent he plans to personally pay for such a trip, the government submits that such money would be better set aside to pay his financial obligations in this case.

Mr. Harrod's reason for wanting to travel outside the United States is non-pressing. He has not requested permission to travel to a foreign country to see a sick relative or to attend a funeral. *See, e.g., United States v. Tingwei*, 21-CR-635-CJN (D.D.C.) (ECF No. 27) (Defendant requested permission to travel to Cameroon to visit her dying mother); (ECF No. 61) (Defendant requested permission to travel to Cameroon to attend her mother's funeral). Instead, he seeks to travel to celebrate his birthday. The government submits that any birthday celebration should take place in the continental United States, not a foreign country.

Accordingly, the government respectfully asks the Court to deny Mr. Harrod's motion.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:   */s/ Kondi J. Kleinman*
KONDI J. KLEINMAN, Cal. Bar No. 241277
Assistant United States Attorney
Fraud, Public Corruption & Civil Rights Section
601 D Street, N.W. | Washington, D.C. 20530
(202) 252-6887 | Kondi.Kleinman2@usdoj.gov