UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case Number: 23-cr-00445-ACR |
| RAEKWON MALIK HARROD, | : |
| Defendant. | : |

### DEFENDANT'S SENTENCING MEMORANDUM

Comes now the Defendant, Raekwon Harrod through counsel and pursuant to *Fed.R.Crim.P.* 32 and 18 USC §3553(a). He submits the following memorandum for the court's consideration prior to his sentencing.

### *Procedural Posture*

Mr. Harrod entered a plea of guilty on January 5th, 2024 to a One Count Indictment; charging him with engaging in a scheme to sell stolen UPS Shipping Labels IN violation of 18 USC §371. He is scheduled for sentencing on July 2nd, 2024 before the Honorable Ana C. Reyes.

### *Comments on the Pre-Sentence Report*

**PART A. THE OFFENSE** - The defense agrees with the government's determination that none of the purchasers of the UPS Shipping Labels were injured during the conspiracy. As a result, they cannot be considered victims of a Mass Marketing Scheme.

### *Nature and Circumstance of the Offense*

Mr. Harrod has accepted responsibility for his actions. He has acknowledged, without equivocation, his participation in a scheme to sell UPS Shipping Labels. Despite the governments suggesting, he has repeatedly stated his shame, embarrassment and regret for what

he has done. Anyone who knows him will tell you they were shocked to find out what he was charged with, because it is so out of character for the person they know. It is noteworthy that Mr. Harrod did not come up with the idea or plan, organize or recruit the participants involved in the conspiracy.

The worst part of this tragedy is that he has damaged his marketability and job prospects for the immediate future and perhaps for life. As a result of this conviction, he will be disqualified from federal employment and federal contract assignments. He will not be able to join the armed forces, which has been an escape from segregation and poverty for many in this country. Moreover, he may now be ineligible for grants or programs to start a small business. In short, irrespective of what the court decides regarding his immediate future, the ramifications of his participation in this scheme will be long felt.

*Rehabilitation Efforts Since Arrest*

**1.** Mr. Harrod has complied with his conditions of release, which suggests that incarceration may not be necessary in his case.

**2.** His genuine remorse is a consideration under 18 USC §3553(a)(1) and is more fully explained in the section dealing with his History and Characteristics.

*History and Characteristics of Raekwon Harrod*

Mr. Harrod is 25 years old, single and without children. He is one of two sons born to the union of Eddie and Kenya Ortiz. He was raised in the District of Columbia, where his parents own a home. Although he has an employment history, he is best described as an entrepreneurial spirit, having started no less than two companies. In addition, he continues to market himself as an influencer of sorts. Unlike many of my clients, Mr. Harrod is courteous, polite, well-spoken, respectful, very intelligent and mild-mannered. Those characteristics coupled with a small frame place him at risk in a prison environment.

*Deterrence Value*

**Specific deterrence** can be achieved with a sentence that leaves Mr. Harrod with not only a chance for reflection, but an opportunity to contribute to his community. He has the characteristics to be a positive role model and leader. Anyone who takes the time to talk with him for even five minutes will agree that he stands out amongst his peers. In most cases, it is hard to predict whether any sentence will meet the goal of *Specific Deterrence,* because so many offenders have an extensive criminal history and personality disorders. However, Mr. Harrod's situation is different. He does not have such a history. Moreover, he has the unqualified support of his immediate and extended family. Hence, it can be said with a degree of certainty that he is not likely to re-offend.

The question of whether his sentence will address *General Deterrence* is more easily answered. There is historical data and contemporary events, that suggest sentencing Mr. Harrod to any term of incarceration will not reduce the problem of fraud and greed in the United States. He is not a public figure or person of note. Few people outside of his family or social network will be aware of or interested in what happens to him.

*Protecting the Public*

Incarcerating offenders, like Mr. Harrod for violations of this type of offense will do little to protect the general public. Hence, it is respectfully suggested that jailing him for a significant period would do nothing to protect the metro area's population.

*Need for the Sentence Imposed*

Congress has mandated that the court impose a sentence sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law and act as a deterrence. Warehousing Mr. Harrod for any period would be disproportionate to his role in the offense, as well as the offense itself and his being a first-time offender. He did not threaten anyone or incite violence against anyone. He did not kill anyone. He did not rob anyone. He

did not and does not carry a weapon. He did not violate someone who was frail, young or otherwise in a special circumstance. What's more, there is no mandatory minimum sentence for this violation. Hence, a term of 12 months house arrest, with a 3-year term of supervised release to follow, would be adequate and not greater than necessary to address the concerns of the community.

### *Guideline Range Consideration*

Mr. Harrod agrees that his Adjusted Offense Level is 15 with a Sentencing Range of 18 – 24 months, since there are no mass marketing victims within the meaning of the offended statute.

### *Fines and Special Assessment*

Mr. Harrod was represented by court appointed counsel. He has no savings, assets, investments or realty to sell. Imposing a fine would serve no purpose other than to set him up for failure.

### *Prayer*

WHEREFORE, Mr. Harrod respectfully requests:

1. That the court weighs heavily the impact a felony conviction will have on his future job prospects, lost government career and contracting opportunities, as well as lost public housing eligibility.

2. That the court not impose a fine; and set him up for failure.

3. That the court consider JSIN data from Judiciary Sentencing Information (JSIN): During the last five fiscal years (FY2019- 2023), there were 428 defendants whose primary guideline was §2B1.1, with a Final Offense Level of 17 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 318 defendants (74%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 16 month(s) and the median length of imprisonment imposed was 18

month(s). For all 428 defendants in the cell, the average sentence imposed was 13 month(s) and the median sentence imposed was 12 month(s). That the court sentence Mr. Harrod to a term of **12 months house arrest**; **with a 3-year term of supervised release to follow**.  In the alternative, a sentence of **12 months and a day** incarceration to any of the following facilities: FCI Petersburg, Virginia; FCI Cumberland, Maryland; FCI Fairton, New Jersey. FCI Fort Dix, New Jersey.

4. That one or both of his parents be allowed to address the court at the Sentencing Hearing.

5. For such other and further relief under 18 USC 3553[1]; the interest of justice and the public

---

[1] 3553. Imposition of a sentence
 (a) **Factors To Be Considered in Imposing a Sentence.—** The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines— ***
(5) any pertinent policy statement—
***
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.
(b) **Application of Guidelines in Imposing a Sentence.—**
(1) **In general**
Except as provided in paragraph (2), the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission. In the absence of an applicable sentencing

good demands.

                              Respectfully submitted,

By:   /S/ Anthony D. Martin
        Anthony D. Martin, Esquire 362537
        6411 Ivy Lane, Suite 304
        Greenbelt, MD 20770
        (301) 220-3700; (301) 220-1625 (fax)

### CERTIFICATE OF SERVICE

I HERE BY CERTIFY that a copy of the foregoing Sentencing Memorandum was filed on the date appearing below and that a copy of the same was sent electronically through the ECF system to:

**Kondi Kleinman, AUSA**
Assistant U.S. Attorney
Fraud, Public Corruption & Civil Rights Section
U.S. Attorney's Office for the District of Columbia
(O) 202-252-6887 | (C) 202-815-8603
kondi.kleinman2@usdoj.gov

Dated: June 19, 2024

                                        /S/
                              Anthony D. Martin, 362-537
                              Appointed Trial Defense Counsel

---

guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in subsection (a)(2). In the absence of an applicable sentencing guideline in the case of an offense other than a petty offense, the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission.